**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Guy R. Humphrey
United States Bankruptcy Judge

**Dated: June 22, 2010**

___

# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| In re: PATRICIA ANN PIPER,<br><br>*Debtor* | Case No.    10-33910<br><br>Judge Humphrey<br>Chapter 7 |

**Order Dismissing Case for Failure to Comply With Credit Counseling Requirements**

On June 16, 2010 **at 2:48 p.m.,** Patricia Ann Piper (the "Debtor") filed a voluntary Chapter 7 petition, which included the required Exhibit D (Doc. 1). The Debtor's Exhibit D contained a checkmark in the box next to statement 2 which provides: "Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency . . . . but I do not have a certificate from the agency describing the services provided to me." (emphasis in original). On June 21, 2010, the Debtor filed a *Certificate Of Counseling* (Doc. 13), which states that the credit briefing was received on June 16, 2010 **at 3:02 p.m. Pacific Time (6:02 p.m. Eastern Time).**

The Debtor's filing is governed by the provisions of the 2005 Bankruptcy Act which requires that a credit briefing must be obtained **prior** to filing the bankruptcy petition. **This would have required the credit briefing prior to 2:48 p.m. on June 16, 2010.** See Judge Walter's decision *In re Cleaver*, 333 B.R. 430 (Bankr. S.D. Ohio 2005):

Pursuant to the newly enacted changes to the Bankruptcy Code, an individual <u>must receive credit briefing prior to filing for bankruptcy protection</u> . . . . (emphasis added)

The court notes that the Debtor did not request a temporary waiver under the narrow provisions of 11 U.S.C. § 109(h)(3). Further, a review of the Debtor's initial filings does not indicate she is eligible for a waiver of the "credit briefing" requirement due to "incapacity, disability, or active military duty in a combat zone." 11 U.S.C. § 109(h)(4).

In the circumstances of this case, although the Debtor has submitted evidence she completed the credit briefing (Doc. 13), since this compliance was subsequent, <u>and not prior</u>, to the filing of this Chapter 7 case, the within case must be dismissed.

**Based on the foregoing, this case is DISMISSED as not having been properly filed under the Bankruptcy Code as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.**

Nothing in this order prevents the Debtor from timely filing a new Chapter 7 case, in which she may submit the *Certificate Of Counseling* to establish her compliance with the provisions of 11 U.S.C. § 109(h).

**IT IS SO ORDERED.**

Copies to:

Default List

*###*